IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PEDRO MARROQUIN COQUOX, et al.,

                Petitioners,

v.                                                  CIVIL ACTION NO.   2:26-cv-00128

CHRISTOPHER MASON, et al.,

                Respondents.

**ORDER**

Pending before the Court is a Petition for Writ of Habeas Corpus (the "Petition") filed by Petitioner Pedro Marroquin Coquox ("Petitioner Marroquin Coquox").  (ECF No. 1.)[1]  The Respondents filed a response, (ECF Nos. 11, 12-1), as well as a Motion to Dismiss, (ECF No. 12-1).[2]

The Government's Motion to Dismiss, (ECF No. 12-1), is **DENIED**, and the Petition, (ECF No. 1), is **GRANTED** as to Petitioner Marroquin Coquox.[3]  Respondents are **ORDERED** to

---

[1] The Petition identifies the following respondents: Christopher Mason, as the Superintendent of the South Central Regional Jail; Michael Rose as the Acting Field Office Director of the Philadelphia Field Office of ICE, Todd Lyons as the Acting Director of ICE, Kristi Noem as the Secretary of Homeland Security, Pamela Bondi as the United States Attorney General (collectively the "Government").  (ECF No. 1.)

[2] The Government also filed a separate response and motion to dismiss specifically addressing Petitioner Pedro Marroquin Coquox.  (*See* ECF No. 13-1.)  The parties subsequently filed a Stipulation Regarding Petitioner Marroquin Coquox, (ECF No. 16), in which the Government withdrew its arguments in ECF No. 13, and agreed to adjudicate Petitioner Marroquin Coquox's Petition based upon the arguments set forth in the Government's separately filed response respecting the other four petitioners, (ECF No. 12).  As such, the Governments' Motion to Dismiss, (ECF No. 13-1), is **DENIED**.

[3] This ruling will be based on the briefs, (*see* ECF No. 12-1 at 3 (stating that "the government relies upon the legal arguments presented below" and "believes this matter can be decided without a hearing"), and the Court's prior opinion, *Briceno Solano v. Mason*, No. 2:26-cv-00045, --- F. Supp. 3d ---, 2026, WL 311624 (S.D. W. Va. Feb. 4, 2026), which is adopted in its entirety, as well as other recent opinions of this Court, *see, e.g.*, *Larrazabal-Gonzalez v. Mason*, No. 2:26-CV-00049, ---F.Supp.3d ---, 2026 WL 221706 (S.D. W. Va. Jan. 28, 2026) (Goodwin, J.); *Gutierrez Aroca v. Mason*, No. 2:26-CV-00057, --- F. Supp. 3d ---, 2026 WL 357872 (S.D. W. Va. Feb. 9, 2026)

**RELEASE PETITIONER IMMEDIATELY** from civil immigration custody, and the Court further **ORDERS** that any personal possessions belonging to Petitioner, including identification and other documentation to include legal documents, be returned to them.  The Court **ORDERS** that Respondents are **PROHIBITED** from re-arresting and detaining Petitioner pending further order of this Court.

    **IT IS SO ORDERED**.

    The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 26, 2026

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

(Goodwin, J.); *Gonzalez v. Aldridge*, No. CV 3:26-0055, 2026 WL 313476 (S.D. W. Va. Feb. 5, 2026) (Chambers, J.); *Umarov v. Mason*, No. 2:26-CV-00081, 2026 WL 381614 (S.D. W. Va. Feb. 11, 2026) (Berger, J.).  While the Government relies on the recent Fifth Circuit decision upholding the mandatory detention policy, the Court is neither persuaded by its reasoning nor bound by its holding.  (*See* ECF No. 12-1 at 10, n.5) (citing *Buenrostro-Mendez v. Bondi*, --- F.4th ----, No. 25-20496, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026)).